IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUINTON COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-CV-314-WHA |
| | ) |
| SHERIFF DONALD VALENZA, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 case is pending before the court on a complaint filed by Quinton Cook, an individual currently incarcerated at the Houston County Jail, in which he challenges the constitutionality of conditions at the jail. Cook names Donald Valenza, the Sheriff of Houston County, James Brazier, the Commander of the Houston County Jail, Lt. Moore, identified by the plaintiff as the Assistant Commander for the jail, Lt. King and Sgt. Peterson, officers at the jail, and the Houston County Health Department as defendants.

Upon thorough review of the complaint and in accordance with applicable federal law, the court finds that the claims presented by Cook against the Houston County Health Department are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Cook leave to proceed *in forma pauperis* in this case. Doc. 3. This court is therefore permitted to screen the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This statute directs the court to dismiss a claim or defendant if it determines that the complaint presents a claim

## II.  DISMISSAL OF DEFENDANT

Cook names the Houston County Health Department, a division of the Alabama Department of Health, as a defendant.  The law is well-settled that the State of Alabama and, by extension, its departments are absolutely immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit, the plaintiff cannot proceed against the State or any department thereof as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").  Consequently, any claim lodged against the Houston County Health Department is therefore frivolous as such claim is "based on an indisputably meritless legal theory."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Houston County Health Department be summarily dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Houston County Health Department be dismissed as a defendant in this civil action.

---

which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Although the Houston County Health Department may inspect the jail, it is not responsible for conditions present at the Houston County Jail and, therefore, is not subject to suit or liability for such conditions.

3. This case, with respect to the plaintiff's claims against Donald Valenza, James Brazier, Lt. Moore, Lt. King and Sgt Peterson be referred back to the undersigned for appropriate proceedings.

On or before **May 17, 2019**, the parties may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE the 3rd day of May, 2019.

    /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE